UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: DEEPAK JAGTIANI                    CIVIL ACTION
AND LATA D. JAGTIANI

NO: 23-5384

SECTION: "H"

### ORDER AND REASONS

Before the Court is Petitioners' Motion to Transfer Case to Bankruptcy Court (Doc. 6).[1] For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

Before the Court is a petition to terminate Petitioners Deepak Jagtiani ("Mr. Jagtiani") and Lata Jagtiani's ("Mrs. Jagtiani") community property regime. On August 25, 2020, Petitioner Deepak Jagtiani pled guilty before another section of this Court to one count of wire fraud and one count of false statements on a federal income tax return. At his sentencing hearing, Mr. Jagtiani was ordered to pay restitution to the victims of his crimes—Dan-Gulf

---

[1] While Petitioners refer to the instant Motion as one to transfer the case to a bankruptcy court, the Motion is in substance a motion to refer. This Court treats the instant Motion as a request to refer to a bankruptcy judge.

1

Shipping, Inc.; Caytrans BBC, LLC; and the Internal Revenue Service. Thereafter, on December 22, 2020, Petitioners filed the joint petition to terminate their community property regime and enter into a separation of property agreement in the 24th Judicial District Court for the Parish of Jefferson ("the State Court Action"). As of the date they filed the joint petition, Petitioners remained married and did not file a petition for divorce.[2] On March 14, 2023, Dan-Gulf Shipping Inc. and Caytrans BBC, LLC ("the Intervenors") intervened in the State Court Action, arguing that the relief Petitioners seek is in fraud of the Intervenors' rights to restitution.

On August 22, 2023, Mrs. Jagtiani filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. Thereafter, Mrs. Jagtiani removed the State Court Action to this Court on the basis that it is "related to" a bankruptcy case, which is authorized under 28 U.S.C. §§ 1334(b) and 1452(a). Now, Mrs. Jagtiani has filed the instant Motion to Refer Case to Bankruptcy Judge. Neither Petitioner Deepak Jagtiani nor the Intervenors have filed an opposition into the record.

## **LEGAL STANDARD**

28 U.S.C. § 1452 provides that a case may be removed to the federal district court where the state action is pending "if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."[3] Under § 1334, district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under

---

[2] Doc. 1-1 at 1.
[3] 28 U.S.C. § 1452(a).

title 11."[4] Because "arising under," "arising in a case under," and "related to" conjunctively define the scope of jurisdiction, "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy."[5] A proceeding is "related to" a bankruptcy case if it "could *conceivably* have any effect on the estate being administered in bankruptcy."[6]

Having established subject matter jurisdiction, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judge for the district."[7] The Eastern District of Louisiana's General Order of Reference provides for automatic referral of proceedings to the same extent that jurisdiction is conferred—to cases under title 11 and proceedings arising under title 11 or arising in or related to a case under title 11 of the United States Code.[8]

## LAW AND ANALYSIS

Petitioner Lata Jagtiani requests that this Court refer this case to the bankruptcy judge because the case "concerns matters that are inextricably linked with issues regarding the Debtor's bankruptcy process, including the scope of the property that comprises the Debtor's bankruptcy estate and how that property will be divided among creditors."[9] In determining whether a

---

[4] *Id.* § 1334(b).
[5] *In re* Wood, 825 F.2d 90, 93 (5th Cir. 1987).
[6] *Id.* (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis in original).
[7] 28 U.S.C. § 157(a).
[8] *Id.*; 28 U.S.C. § 1334(b); Gen. Order 21-5 (E.D. La. Apr. 22, 2021).
[9] Doc. 11-1 at 1.

district court had jurisdiction over proceedings "related to" a case under title 11, the Fifth Circuit has explained that "an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate."[10] Nevertheless, "'related to' jurisdiction cannot be limitless."[11]

Here, the outcome of Petitioners' request for relief will affect classification of their property as either community or separate. "The only property of either spouse which would not be included in the [bankruptcy] estate is the separate property of the nondebtor spouse."[12] Additionally, the Bankruptcy Code comprehensively "prescribes the distribution of community property to creditors."[13] Because Petitioners seek to terminate the community property regime and enter into a separation of property agreement, the Court finds that the outcome of this case could have a conceivable effect on the administration of Mrs. Jagtiani's bankruptcy estate, which is sufficient for this Court to exercise its jurisdiction. The Eastern District of Louisiana's General Order of Reference provides for automatic referral of proceedings to the same extent that § 1334 confers jurisdiction, and as such, this Court refers the instant case to the Bankruptcy Judge.

---

[10] *In re* TMT Procurement Corp., 764 F.3d 512, 526 (5th Cir. 2014) (citing *In re* TXNB Internal Case, 483 F.3d 292, 298 (5th Cir, 2007)) (internal quotations omitted).
[11] Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995).
[12] *In re* Hendrick, 45 B.R. 976, 983 (Bankr. M.D. La. 1985) (quoting 15 *Collier on Bankruptcy* ¶ 541.15) (internal quotations omitted). *See also* 11 U.S.C. § 541(a)(2). State law governs whether an asset is classified as community or separate property for bankruptcy purposes. *In re* Robertson, 203 F.3d 855, 859 (5th Cir. 2000).
[13] *In re* Hendrick, 45 B.R. at 983 (citing 11 U.S.C. § 726(c)).

## **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED. IT IS ORDERED** that this case is **REFERRED** to the Bankruptcy Judge.

New Orleans, Louisiana this 30th day of November, 2023.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**